EAGFDOMP                          Plea

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4               v.                        13 CR 811 (ALC)

5    ALVERADO DOMINQUEZ,

6                    Defendant.

7    ------------------------------x

8                                         New York, N.Y.
                                          November 16, 2014
9                                         10:50 a.m.

10

11   Before:

12                    HON. KEVIN N. FOX,

13                                        Magistrate Judge

14                          APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     KAN M. NAWADAY
17        Assistant United States Attorney

18   IRA D. LONDON, ESQ.
          Attorney for Defendant

19

20

21

22

23

24

25
```

EAGFDOMP                    Plea

1          (Case called)

2          (In open court)

3          THE DEPUTY CLERK:  United States v. Alvarado

4     Dominguez.  Counsel, please state your appearances for the

5     record.

6          MR. NAWADAY:  Good morning, your Honor, Kan Nawaday

7     for the government.

8          MR. LONDON:  Good morning, your Honor.  Ira London for

9     Alvarado Dominguez.

10         THE COURT:  Good morning.  Is there an application on

11    behalf of the defendant?

12         MR. LONDON:  The application is to withdraw his plea

13    of not guilty and enter a plea of guilty pursuant to the plea

14    agreement.

15         THE COURT:  The indictment in this case is a multi

16    count indictment.  Is your client's position that he is

17    tendering a plea of guilty to all counts of the indictment?

18         MR. LONDON:  No.  Counts One and Two.

19         THE COURT:  All right.  Thank you very much.

20         Mr. Dominguez, I have before me indictment 13 CR 811,

21    which as I indicated a moment ago is a multi count indictment.

22    We shall be focusing on Counts One and Two during this

23    morning's proceeding.  You have a right to have this morning's

24    proceeding presided over by a district judge.  You may if you

25    wish consent to have a magistrate judge preside at this

EAGFDOMP                    Plea

1    morning's proceeding and in that connection I have before me a

2    document labeled Consent to Proceed Before a United States

3    Magistrate Judge for a Felony Plea Allocution.

4              Will you swear in the defendant, please?

5              (Defendant sworn)

6              THE COURT:  Mr. Dominguez, I want to show you the

7    consent form about which I was speaking.  Do you recognize the

8    document?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Did you have an opportunity to review it

11   with your attorney?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Is there anything contained in the consent

14   form that you do not understand?

15             THE DEFENDANT:  No.

16             THE COURT:  Do you acknowledge that the consent form

17   explains in greater detail what I mentioned to you a moment ago

18   about your right to have this proceeding presided over by a

19   district judge and confirm that by signing the document you are

20   agreeing that a magistrate judge may preside at this morning's

21   proceeding?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Is your true signature on the consent

24   form?

25             THE DEFENDANT:  Yes.

4

EAGFDOMP                      Plea

1            THE COURT:  Did anyone force you to sign the document?

2            THE DEFENDANT:  No.

3            THE COURT:  Let me turn my attention to your counsel.

4    Is your signature also at the bottom of the consent form,

5    Mr. London?

6            MR. LONDON:  Yes.

7            THE COURT:  Thank you.  I shall sign the document and

8    then we shall continue.

9            Mr. Dominguez, what is your full name?

10            THE DEFENDANT:  Alvarado Dominguez.

11            THE COURT:  What is the last year in school that you

12    completed?

13            THE DEFENDANT:  Tenth.

14            THE COURT:  Are you under the care of a physician or

15    psychiatrist for any condition?

16            THE DEFENDANT:  No.

17            THE COURT:  Have you ever been treated for alcoholism

18    or drug abuse?

19            THE DEFENDANT:  No.

20            THE COURT:  Have you within the last 24 hours consumed

21    any medicine, alcohol or drugs that would affect your ability

22    to understand what you're doing here today?

23            THE DEFENDANT:  No.

24            THE COURT:  Do you feel all right today?

25            THE DEFENDANT:  Yes.

EAGFDOMP                    Plea

1          THE COURT:  Have you received a copy of indictment 13

2     CR 811?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you wish to have the indictment read to

5     you now in open court?

6          THE DEFENDANT:  No.

7          THE COURT:  Do you understand what it says that you

8     did at Counts One and Two of the indictment?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Have you had sufficient opportunity to

11     speak with your attorney about the charges contained in Counts

12     One and Two of the indictment and how you wish to plead to

13     them?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Are you satisfied with the assistance that

16     your attorney has rendered to you in connection with this

17     matter?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Are you ready to plead to Counts One and

20     Two of indictment 13 CR 811; Count One charging a violation of

21     Title 18, United States Code, Sections 2118(d) and 3147 and

22     Count Two charging a violation of Title 21, United States Code,

23     Section 846?

24          THE DEFENDANT:  Yes.

25          THE COURT:  What is your plea, sir; guilty or not

EAGFDOMP                    Plea

1    guilty to Counts One and Two of the indictment?

2              THE DEFENDANT:  Guilty.

3              THE COURT:  Are you a United States citizen?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you understand that by pleading guilty

6    to the offenses set forth at Counts One and Two of the

7    indictment, you may be giving up certain valuable civil rights

8    that you possess, including, among others, the right to vote,

9    the right to hold public office, the right to serve on a jury,

10   the right to possess any type of firearm, including rifles and

11   shotguns; the right to be considered for certain types of

12   employment and the right to possess or obtain certain

13   professional licenses?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Also, because the offense set forth at

16   Count Two of the indictment involved a violation of Title 21 of

17   the United States Code, pursuant to Section 862 of that title

18   of the United States Code, that is, Title 21, by your plea of

19   guilty you may be giving up your entitlement to certain

20   benefits which you might otherwise be entitled, including,

21   among others, the following:  Social Security, food stamp

22   benefits, education loans or grants and public housing or

23   housing subsidies.  Do you understand, sir?

24             THE DEFENDANT:  Yes.

25             THE COURT:  I have to determine whether your plea of

EAGFDOMP                    Plea

guilty is being made voluntarily and whether you understand

fully the charges made against you and the possible

consequences of your plea, so I shall be asking you additional

questions.  I first want to insure that you understand the

nature of the charges made against you.

Count One of the indictment charges you with

participating in a conspiracy to burglarize pharmacies of

controlled substances.  As I indicated earlier, it's alleged to

be a violation of Title 18, United States Code, Section

2118(d).  The law provides a maximum penalty for the offense

set forth in Count One of the indictment as follows:  A maximum

term of imprisonment of ten years; a maximum term of supervised

release of three years; a maximum fine pursuant to Title 18,

United States Code, Section 3571 of the greatest of $250,000,

twice the gross pecuniary gain derived from the offense, or

twice the gross pecuniary loss to persons other than yourself

resulting from the offense and a $100 mandatory special

assessment.

If you are sentenced to a term of supervised release

and violate the terms and conditions of that supervised

release, such that it is revoked, you expose yourself to

serving in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such

term of supervised release without credit for time previously

served on post-release supervision.

EAGFDOMP                    Plea

1              Sir, do you understand the nature of the charge made

2      against you in Count One of the indictment?

3              THE DEFENDANT:  Yes.

4              THE COURT:  And do you understand the range of

5      penalties, including the maximum penalty to which you are

6      potentially exposing yourself by your plea?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Count Two of the indictment charges you

9      with participating in a conspiracy to distribute and possess

10     with intent to distribute controlled substances in violation of

11     Title 21, United States Code, Section 846 and 841(b)(1)(c).

12     The law provides as a maximum penalty for the offenses set

13     forth at Count Two of the indictment the following:  A maximum

14     term of imprisonment of twenty years; a maximum term of

15     supervised release of life; a maximum fine pursuant to Title

16     21, United States Code, Section 841(b)(1)(c) of $1 million and

17     a mandatory $100 special assessment.  If you are sentenced to a

18     term of supervised release and violate the terms and conditions

19     of that supervised release such that it is revoked, the same

20     consequences that I reviewed with you with respect to Count One

21     of the indictment would befall you with respect to Count Two of

22     the indictment, so I shall not repeat that to you.

23             Sir, do you understand the nature of the charge made

24     against you at Count Two of the indictment?

25             THE DEFENDANT:  Yes, your Honor.

EAGFDOMP                    Plea

1          THE COURT:  And do you understand the range of

2    penalties, including the maximum sentence to which you are

3    potentially exposing yourself by your plea of guilty to Count

4    Two of the indictment?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  The indictment also contains a forfeiture

7    allegation which the government has indicated would seem to

8    recoup the proceeds of certain illegal conduct that's described

9    in the indictment.  Are you aware that the indictment contains

10   a forfeiture allegation?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Sir, do you understand that you have a

13   right to plead not guilty and to have a jury trial on the

14   charges contained at Counts One and Two of indictment 13 CR

15   811?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you understand that if you plead not

18   guilty and go to trial, the burden would be upon the government

19   to prove that you were guilty beyond a reasonable doubt?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Do you understand that at a trial you

22   would be presumed innocent until the government proved your

23   guilt beyond a reasonable doubt?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Do you understand that at such a trial and

EAGFDOMP                        Plea

at every other stage of the proceeding you would have the right

to be represented by an attorney and if necessary the Court

would appoint an attorney to represent you?

          THE DEFENDANT:  Yes.

          THE COURT:  You also understand that at a trial you

have the right to testify, to confront and question any

witnesses who might testify against you, and the right not to

be forced to incriminate yourself because you do not have to be

a witness against yourself?

          THE DEFENDANT:  Yes.

          THE COURT:  Do you understand that at a trial you

would be entitled to call witnesses to testify and to compel

the attendance of witnesses?

          THE DEFENDANT:  Yes.

          THE COURT:  Do you understand that if you plead guilty

there will be no trial of any kind so that you give up your

right to a trial and the only remaining step would be for the

assigned district judge to sentence you?

          THE DEFENDANT:  Yes.

          THE COURT:  Sir, are you certain that you understand

the nature of the charges to which you are pleading guilty?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  And are you certain that you understand

the range of penalties, including the maximum sentences to

which you are potentially subjecting yourself by your plea?

EAGFDOMP                    Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that the sentencing

3  judge may be obligated to impose a special assessment on you?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  What are the elements of the offenses set

6  forth at Counts One and Two of the indictment?

7          MR. NAWADAY:  Yes, your Honor.  Count One charges the

8  defendant with conspiring to burglarize pharmacies for

9  controlled substances.  That crime has the following elements:

10 First, that there was an agreement to burglarize pharmacies for

11 controlled substances.  Second, that the defendant knowingly

12 and intentionally joined that agreement.  Third, that the

13 conspiracy involved the burglary of more than $500 worth of

14 controlled substances.  Fourth, that as part of the conspiracy

15 an interstate facility such as a cell phone was used.  Fourth,

16 that the pharmacies were defined as pharmacies under the law

17 and, fifth, that a member of the conspiracy committed an overt

18 act in furtherance of the conspiracy.

19          Count Two charges the defendant with conspiring to

20 possess with intent to distribute or to distribute controlled

21 substances, in particular, oxycodone.  That crime has the

22 following elements:  First, that a conspiracy did exist to

23 possess with intent to distribute or to distribute a controlled

24 substance, in particular, oxycodone and, secondly, that the

25 defendant knowingly and intentionally joined that agreement

EAGFDOMP                    Plea

1  and, third, that an act in furtherance of the conspiracy

2  occurred in the Southern District of New York.

3          Those are the elements of the offenses, your Honor.

4          THE COURT:  With respect to the offense set forth at

5  Count One of the indictment, isn't there a requirement that the

6  larceny involve premises controlled by a person registered with

7  the Drug Enforcement Administration?

8          MR. NAWADAY:  Exactly, your Honor.  I may have

9  summarized what that element is, but that is an element, that

10  it has to be a pharmacy controlled and registered as, under the

11  statutes, a pharmacy under the, with the Drug Enforcement

12  Administration.

13          THE COURT:  All right.  Thank you.  Mr. Dominguez,

14  having heard the elements of the offenses set forth at Counts

15  One and Two of the indictment, is it still your desire to

16  tender a plea of guilty?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Sir, have you and your attorney talked

19  about how the Sentencing Commission guidelines which are

20  advisory only might inform the sentence to be imposed upon you?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Do you understand that in determining your

23  sentence the sentencing judge is obligated to calculate the

24  applicable sentencing guidelines range and possible departures

25  under the sentencing guidelines?

EAGFDOMP                    Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that in addition to the

3     sentencing guidelines factors the sentencing judge will also

4     consider factors that are set forth at 18, United States Code,

5     Section 3553 in determining what an appropriate sentence might

6     be for you?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Do you understand that parole has been

9     abolished and that if you are sentenced to prison you will not

10    be released on parole?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand that the answers you

13    give to me today under oath may in the future be used against

14    you in a prosecution for perjury or false statement if you do

15    not tell the truth to the Court?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Sir, do you still wish to plead guilty to

18    Counts One and Two of indictment 13 CR 811?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Have any threats been made to you by

21    anyone to influence you to plead guilty?

22         THE DEFENDANT:  No.

23         THE COURT:  Have any promises been made to you

24    concerning the sentence you will receive?

25         THE DEFENDANT:  No.

14

EAGFDOMP                    Plea

1              THE COURT:  I understand that you and your attorney

2    and representatives from the government have reached certain

3    agreements and understandings in connection with your tender of

4    a plea of guilty and those agreements and understandings have

5    been reduced to a writing, specifically a letter dated

6    November 3, 2014 addressed to Ira D. London, your attorney.  I

7    have a copy of that document before me which I shall show you

8    now.  Do you recognize the document, sir?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Did you have an opportunity to review it

11   with your attorney?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Is there anything contained in the

14   November 3, 2014 writing that you do not understand?

15             THE DEFENDANT:  No, your Honor.

16             THE COURT:  Among other things, there is text in the

17   November 3, 2014 writing through which you admit the forfeiture

18   allegations that I reviewed with you earlier that are part of

19   the indictment.  Are you aware that such texts exist in the

20   November 3, 2014 writing?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  And are you aware that there is a specific

23   quantity of money and specific property outlined in the

24   November 3, 2014 writing that you commit to forfeiting to the

25   government?

EAGFDOMP                     Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  There is also an analysis of the

3   Sentencing Commission guidelines in the November 3, 2014

4   writing.  Are you aware that the writing contains that analysis

5   of the guidelines?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that notwithstanding the

8   analysis of the Sentencing Commission guidelines that are in

9   the November 3, 2014 writing, the impact, if any, that the

10  Sentencing Commission guidelines may have on the sentence to be

11  imposed on you is left solely to the discretion of the

12  sentencing judge?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  There is text in the November 3, 2014

15  writing that constricts your ability to appeal from or

16  collaterally attack the judgment of conviction or sentence that

17  might be imposed upon you.  Are you aware of that, sir?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  There is also text in the November 3, 2014

20  writing that prohibits you from seeking a sentence modification

21  pursuant to Title 18, United States Code, Section 3582(c).  Are

22  you aware of that?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  I want to direct your attention to the

25  last page of the November 3, 2014 writing.  Is your signature

EAGFDOMP                    Plea

1   on the last page of it?

2               THE DEFENDANT:  Yes, your Honor.

3               THE COURT:  Has anyone forced you to sign the

4   document?

5               THE DEFENDANT:  No, your Honor.

6               THE COURT:  Let me ask your counsel.  Mr. London, is

7   that your signature on the last page of the document?

8               MR. LONDON:  Yes, your Honor.

9               THE COURT:  Have representatives of the government

10  also signed the last page of document?

11              MR. NAWADAY:  They have.

12              THE COURT:  Mr. Dominguez, other than the agreement

13  that you and your attorney and representatives of the

14  government have reached that are outlined in the November 3,

15  2014 writing about which we've been speaking, have any other

16  agreements or understandings been made or reached with you in

17  connection with your tender of a plea of guilty to Counts One

18  and Two of indictment 13 CR 811?

19              THE DEFENDANT:  No, your Honor.

20              THE COURT:  Sir, is your plea being made voluntarily,

21  that is, of your own free will?

22              THE DEFENDANT:  Yes, your Honor.

23              THE COURT:  Did you commit the offenses that are

24  outlined in Counts One and Two of the indictment?

25              THE DEFENDANT:  Yes, your Honor.

EAGFDOMP                    Plea

1          THE COURT:  Could you tell me what it is that you did

2     that makes you believe you are guilty of Counts One and Two in

3     the indictment?

4          THE DEFENDANT:  In 2011 I agreed with others to

5     burglarize pharmacies for controlled substances.

6          THE COURT:  Sir, when was it that you say you agreed

7     with others to burglarize pharmacies?

8          THE DEFENDANT:  2011.

9          THE COURT:  Where was it that you agreed with others

10    to engage in that conduct?

11         THE DEFENDANT:  In the Bronx.

12         THE COURT:  And when you engaged in the conduct that

13    you just described, did you know that what you were doing was

14    wrong?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  With respect to Count Two of the

17    indictment that charges you with conspiring to possess and

18    distribute controlled substances, what if anything can you tell

19    me about that offense and your involvement in it?

20         THE DEFENDANT:  I agreed with others to possess and

21    intend to sell and use a controlled substance.  In 2011.

22         THE COURT:  I want to make sure that I understand

23    correctly.  Was your agreement with others to possess and use a

24    controlled substance or possess and distribute a controlled

25    substance in 2011?

EAGFDOMP                    Plea

1          THE DEFENDANT:  Could you repeat that?

2          THE COURT:  Was your agreement with others to possess

3   and use controlled substances in 2011 or was your agreement

4   with others to possess and distribute controlled substances in

5   2011?

6          THE DEFENDANT:  Possess and distribute.

7          THE COURT:  Thank you.  And where was it that you

8   agreed with others to possess and distribute controlled

9   substances in 2011?

10          THE DEFENDANT:  In New York.

11          THE COURT:  Where in New York?

12          THE DEFENDANT:  In Manhattan.

13          THE COURT:  And when you agreed with others, as you

14   just described, to possess with intent to distribute controlled

15   substances in Manhattan, did you know that what you were doing

16   was wrong?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Are there any questions the government

19   would have me put to Mr. Dominguez?

20          MR. NAWADAY:  Yes, your Honor.  First, if your Honor

21   could inquire what the controlled substance was, the object of

22   both Counts One, Counts Two and also if your Honor could

23   inquire whether the defendant or any of his co-conspirators

24   used cellular telephones in connection with Count One, the

25   conspiracy to burglarize pharmacies.

EAGFDOMP                        Plea

1          THE COURT:  What is the significance of a telephone in

2    connection with Count One?

3          MR. NAWADAY:  Your Honor, I believe that is one of the

4    elements is that an interstate facility was used as part of the

5    offense.

6          THE COURT:  Mr. Dominguez, let me turn your attention

7    to Count One of the indictment which addresses burglaries and

8    pharmacies.  What controlled substance or substances were the

9    object of the conspiracy to burglarize the pharmacy and

10   pharmacies?

11         THE DEFENDANT:  Oxycodone, your Honor.

12         THE COURT:  And in connection with your agreement with

13   others to burglarize pharmacies as you described earlier, can

14   you tell me whether mobile telephones were used?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Let me direct your attention to Count Two

17   of the indictment charging that you conspired with others to

18   possess and distribute controlled substances.  Could you tell

19   me what controlled substance or substances was involved in your

20   agreement with others as referenced with respect to Count Two

21   of the indictment?

22         THE DEFENDANT:  Oxycodone, your Honor.

23         THE COURT:  Are there any other questions the

24   government would have me put to the defendant?

25         MR. NAWADAY:  No, your Honor, but the government would

EAGFDOMP                    Plea

1   proffer that the government would be able to prove beyond a

2   reasonable doubt that the pharmacies were registered with the

3   drug enforcement agency as required to charge Count One against

4   the defendant and also that the controlled substances that were

5   stolen were valued at more than $500.

6           THE COURT:  Okay.  Mr. London, are you aware of any

7   reason why your client should not plead guilty?

8           MR. LONDON:  No, your Honor.

9           THE COURT:  Is the government aware of any reason why

10  the defendant should not plead guilty?

11          MR. NAWADAY:  No, your Honor.

12          THE COURT:  If the case went to trial what evidence

13  would the government offer to prove the charges set forth in

14  Counts One and Two of indictment 13 CR 811?

15          MR. NAWADAY:  Yes, your Honor.  If the case were to

16  proceed to trial, the government would offer the testimony of

17  cooperating witnesses who participated in both conspiracies

18  with the defendant, law enforcement witnesses, pharmacy

19  witnesses, as well as video surveillance evidence and cell site

20  evidence demonstrating that the defendant participated in a

21  conspiracy to burglarize certain pharmacies in the New York

22  City area during the conspiracy period in order to obtain

23  oxycodone that the conspirators then resold.

24          THE COURT:  What would be the substance of testimony

25  presented by law enforcement officers and also pharmacy

1    personnel?

2              MR. NAWADAY:  The substance of that testimony would be

3    in part that the pharmacies were registered at pharmacies

4    under -- with the Drug Enforcement Administration.  Law

5    enforcement witnesses would present evidence relating to the

6    actual burglaries, the investigation of the burglaries, as well

7    as video surveillance obtained, as well as cell site evidence

8    obtained.

9              THE COURT:  Thank you.  I am satisfied that

10   Mr. Dominguez understands the nature of the charges made

11   against him in Counts One and Two of the indictment.  I am also

12   satisfied that he understands the consequences of his plea of

13   guilty.  I am satisfied that the plea is being made voluntarily

14   and knowingly and that there's a factual basis for the plea.

15   So I shall report and recommend to the assigned district judge

16   that the plea be accepted.

17             I am going to fix a date for sentence and direct the

18   parties to contact the assigned district judge to determine

19   whether that date is convenient for sentencing proceeding.

20   February 17, 2015 will be the date for sentence unless you get

21   different directions from the assigned district judge.  I'll

22   direct that a presentence report be prepared prior to that

23   date.  I shall direct the government to provide its case

24   summary material to the probation department not later than 14

25   days from today.  To aid in the preparation of that report the

EAGFDOMP                    Plea

1    defendant and his counsel should make themselves available for

2    an interview with the probation department no later than 14

3    days from today to aid in the preparation of that report.

4            I shall direct the government to obtain a transcript

5    with the minutes generated from this proceeding and present

6    those to the assigned district judge before the date of

7    sentence.

8            Is there any application with respect to bail?

9            MR. LONDON:  No, your Honor.

10           THE COURT:  Is there anything else that we need to

11   address?

12           MR. NAWADAY:  Not for the government.

13           MR. LONDON:  Not for the defense.

14           THE COURT:  Thank you.  Good day.

15           (Adjourned)

16

17

18

19

20

21

22

23

24

25